SUPERIOR COURT
OF THE
STATE OF DELAWARE

CRAIG A. KARSNITZ                                                    1 The Circle, Suite 2
RESIDENT JUDGE                                                  GEORGETOWN, DE 19947


September 20. 2023


Jeremy M. Steele                              Matthew B. Frawley, Esquire
23 White Pine Drive                           Deputy Attorney General,
Millsboro, DE 19966                           Civil Division
                                              Department of Justice
                                              820 North French Street, 6th Floor
                                              Wilmington, DE 19801


        Re:   *Jeremy M. Steele v. RTE Specialty Medical & Unemployment*
              *Insurance Appeal Board ("UIAB")*
              C.A. No. S23A-06-003 CAK
              Appeal from Decision of the UIAB

Gentlemen:

        This case involves two filing deadlines that were missed in the case, rather

than the merits of the claim.

        Jeremy Steele ("Mr. Steele" or "Claimant") filed for unemployment benefits

on February 14, 2021.   The Claims Deputy determined that he was not qualified for

benefits and mailed a Notice of Determination to that effect to Claimant's verified

address of record on June 2, 2021.

        Under Delaware law, this determination had to be appealed to the Appeals

Referee within ten (10) calendar days after it was mailed by the Claims Deputy to the last known address of Claimant:

> Unless a claimant … files an appeal within 10 calendar days after such Claims Deputy's determination was mailed to the last known addresses of the claimant and the last employer, the Claims Deputy's determination shall be final, and benefits shall be paid or denied in accordance therewith.[1]

The deadline for the appeal to the Appeals Referee was therefore June 12, 2021. Mr. Steele did not file his appeal with the Appeals Referee until June 20, 2021.

On May 3, 2022, Mr. Steele sent an email inquiring about the status of his appeal. On February 27, 2023 he appealed the determination of the Claims Deputy to the Appeals Referee, who held a hearing on March 21, 2023. She affirmed the determination of the Claims Deputy with respect to the late filing issue.

On March 29, 2023, Mr. Steele timely appealed the decision of the Appeals Referee to the UIAB, which held a hearing on May 10, 2023. The UIAB declined to exercise its jurisdiction to hear Claimant's appeal and affirmed the Appeals Referee's decision with respect to the late filing issue. The UIAB mailed its decision to Claimant on May 23, 2023.   The UIAB decision became final on June 2, 2023.

---

[1] 19 *Del* C. § 3318(b).

Under Delaware law, an appeal of a UIAB decision to this Court must be filed within ten (10) days after the UIAB decision becomes final (June 2, 2023), or June 12, 2023:

> Within 10 days after the decision of the Unemployment Insurance Appeal Board has become final, any party aggrieved thereby may secure judicial review thereof by commencing an action in the Superior Court in the county in which the claimant resides or the employer's place of business is located against the Unemployment Insurance Appeal Board for the review of such decision, in which action any other party to the proceeding before the Unemployment Insurance Appeal Board shall be made a defendant.[2]

Mr. Steele did not file his appeal with this Court until June 22, 2023.

The issue in this case is whether Claimant filed a timely appeal with the Appeals Referee from the decision of the Claims Deputy, and whether Claimant filed a timely appeal with this Court from the UIAB decision. The two above-cited sections of the Delaware Code are explicit and mandate that a claimant file an appeal from a Claims Deputy's decision within ten calendar days after such decision has been mailed to the claimant's last known address, and from a UIAB decision within ten days after it becomes final. In the absence of any administrative error on the part of the Department of Labor or the UIAB, I may not entertain jurisdiction over a late appeal.

---

[2] 19 *Del* C. § 3323(a).

3

The evidence presented shows the Notice of Determination was mailed by the Claims Deputy to Claimant's verified address of record on June 2, 2021. The deadline for filing an appeal was therefore June 12, 2021. There is a presumption in the law that mail that is properly addressed and posted is duly received by the addressee. This presumption may be rebutted, but the addressee's mere denial of receipt is not sufficient.

Here, Claimant confirmed that the Notice of Determination was sent to his verified address of record. Claimant's explanation is that he filed his appeal the day after he received the Notice of Determination. Although I sympathize with Claimant, there was no proof of an administrative error by the Department of Labor's mailing of the Notice of Decision. The deadline for filing an appeal with the Appeals Referee is clearly printed in bold on the Notice of Determination. In the absence of any evidence that Claimant filed an appeal with the Appeals Referee on or before June 12, 2021, I find that Claimant did not file a timely appeal with the Appeals Referee.

Moreover, the Decision by the UIAB clearly states, in the Notice of Right to Appeal, that an appeal to this Court must be filed within ten days after the Decision becomes final (June 2, 2023). In the absence of any evidence that Claimant filed an

appeal with this Court on or before June 12, 2023, I find that Claimant did not file a timely appeal with this Court. Thus, I have no jurisdiction to entertain his appeal.

For the reasons stated above, I **DENY** Claimant's Appeal from the Decision of the Unemployment Insurance Appeal Board.

**IT IS SO ORDERED.**

Very truly yours,

/s/ Craig A. Karsnitz

cc:   Prothonotary

5